LABEAUME, TO USE OF CHOUTEAU, Plaintiff in Error, *vs.*
SWEENEY, Defendant in Error.

1. A boat was seized by attachment in a suit against the owner. S., the
master of the boat, who had no other interest in it, executed a bond, with
L. as surety, conditioned for the forthcoming of the boat. The boat was
subsequently sold, and C. became part owner. L. was about to deliver up
the boat, when C. gave him a bond of indemnity. C. afterwards paid the
indemnity to L., and took an assignment of his recourse against S. In a
suit brought by C. in the name of L. against S. to recover the amount thus
paid, *held*, that he could not recover.

### *Error to St. Louis Court of Common Pleas.*

The facts shown by the record in this case are the same as
when it was formerly here, (17 Mo. Rep. 153,) with the fol-
lowing exceptions :

It now appears that after the delivery bond was entered into
by Labeaume and Sweeney, James Myers became the owner of
the steamboat Frontier, and brought her to St. Louis ; that
upon her arrival here, Labeaume told Myers that the boat would
be delivered up to the sheriff under the bond, unless an indem-
nity was given against it. Myers thereupon transferred one-
fourth of the boat to Chouteau, and gave him the agency of the
boat, and Chouteau then gave an indemnity to Labeaume
against the bond. The object of the arrangement was, to se-
cure the parties liable on the delivery bond, and to free the boat
from detention.

The instructions given by the Court of Common Pleas were
based upon the idea that the law formerly laid down by this
court was applicable in the present aspect of the case.

*C. B. Lord*, for plaintiff in error.

*Glover & Richardson*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

When this case was formerly here, it was not presented in
the shape which it now wears. It did not then appear in what
capacity Chouteau interfered in this transaction. The cause

was determined on the face of the obligations, as they stood, there being no equitable circumstances for Sweeney, showing that Chouteau was not entitled to the money he sought to recover through Labeaume.

We are of the opinion that the case now wears an aspect different from that it formerly assumed.

This action was commenced under the former system of practice, and is for money paid for the use of another. He who paid it has been indemnified, and he is now seeking to recover it for the benefit of him by whom he was indemnified. It is as if a bill in equity had been brought by Chouteau to subject Sweeney to the payment of the money he has been compelled to refund to Labeaume. The proceeding being equitable in its nature, if Chouteau is not in equity and good conscience entitled to demand the money of Sweeney, this action cannot be maintained. Labeaume, as surety, entered into a bond, with Sweeney as principal, for the forthcoming of a steamboat, to answer a judgment in a suit against the owner. Sweeney, it appears, was no otherwise interested in the boat than as her commander at the time of the attachment. Afterwards, Labeaume threatened to detain the boat, unless he was indemnified. Chouteau came forward and gave him a bond of indemnity, and afterwards refunded the money which Labeaume was compelled to pay by reason of his suretiship. At the time Chouteau indemnified Labeaume, he was part owner of the boat, and did it with the consent and by an arrangement with the other owners of it. Now, the proceeding in which the boat was attached was not one under the act concerning boats and vessels, but it was one in which the boat was seized as any other property would be in an attachment suit. This being so, the bond given by Sweeney and Labeaume did not discharge the lien of the attachment. It was a valid and subsisting incumbrance on the boat, at the time Chouteau and others became its purchasers, of which they were bound to take notice. (*Evans* v. *King*, 7 Mo. Rep. 411.) This lien was discharged by Labeaume, and an owner of the boat refunded to him the money he paid.

Now, where is the equity in permitting that owner, through Labeaume, to recover the money he has paid, from Sweeney, who had no interest in the boat, and who had merely performed an act of kindness towards a former owner?

Courts of equity originally had jurisdiction of actions brought by a surety against his principal, for money paid on his account. Equitable considerations must govern such actions, when brought at law. Here, the surety has been indemnified, but a suit is brought in his name for the benefit of the person by whom he was indemnified, and it is made to appear that he who gave the indemnity was under legal and moral obligations to do so; that he reaped the benefit obtained by giving the indemnity, and though another was nominally in the bond as principal, yet that principal was in fact the representative of the party indemnifying. We can not see the justice in making Sweeney pay this money. When this case was formerly here, this view of the matter was not presented by the evidence. It did not appear that Chouteau had any interest in the boat; it seemed that he was a mere volunteer in the transaction, as Labeame was. But now it is different. Chouteau became the owner of the property which Labeaume was about to seize. He indemnified Labeaume in order to prevent it. The advantage resulting from Labeaume's desisting accrued to Chouteau, and now to permit him to be indemnified out of the pocket of a person who had no interest in the property, would be the grossest injustice. Chouteau must have been aware of the existence of the lien created by the attachment, when he purchased his interest in the boat. It would appear, then, that he could not have been deceived or misled by reason of the boat's being released by the delivery bond executed to the sheriff by Sweeney and Labeaume. From aught that appears, the purchasers of the boat were indemnified by the vendor for the incumbrance existing at the time of the sale.

We cannot regard this as a suit brought by Labeaume in his own right against Sweeney. If such was the case, Labeaume's right to recover would be indisputable, and so would be the right

of one to whom he had assigned his debt, who was unaffected with any equity arising out of the transaction. But Labeaume has been satisfied, and he by whom he was satisfied, and by whom he ought to have been satisfied, is now making use of Labeaume's name to recover a sum of money to which, in equity, he has no title. Chouteau is compelled to adopt an equitable form of action, and if his case, as made, shows that he has no equity, it cannot be sustained.

This opinion will show the errors in the instructions, and it is deemed unnecessary to review them. The other judges concur. Judgment reversed and remanded.