Benjamin F. Fleming, Administrator of H. H. Simpson, Deceased, and James F. Bridgeman, Respondents, v. James Clark, Appellant.

Kansas City Court of Appeals, May 10, 1886.

1. Replevin—Attachment— Forthcoming Bond—Case Adjudged.. Defendant in this case was constable of Benton township, Holt county, Missouri. On May 7, 1881, a valid execution against Muir & Campbell was delivered to him, issued by a justice of the peace. On May 19, 1881, the sheriff of Holt county seized the property in suit under a writ of attachment against Muir & Campbell, but they retained the possession of the property by giving the sheriff a forthcoming bond therefor. Muir & Campbell were indebted to an amount exceeding one thousand dollars to Simpson & Bridgeman. On May 20, 1881, they delivered to said Simpson & Bridgeman the said property on account of said indebtedness. On May 22, 1881, defendant seized and levied on the property under the execution from the justice of the peace ; and the plaintiffs brought this action in replevin. *Held*, the possession of the property by the sheriff placed it in the custody of the law, and it was not *then* subject to levy by defendant. That the lien of the attachment was not lost by Muir & Campbell retaining the property under the forthcoming bond, but they were the *bailees* of the sheriff. That Muir & Campbell did not have the power to transfer to plaintiffs, being only the bailees of the sheriff. That plaintiffs were not, at the institution of suit, entitled to the immediate possession of the property as against defendant, and that it matters not that the sheriff or Muir & Campbell were entitled to possession. Plaintiffs' right to recover depended upon *their own* right to possession.

2. ——— Execution from Justice—Lien of Under Section 3017, Revised Statutes.—By section 3017, Revised Statutes, the execution from the justice, in this case, became a lien upon the property of Muir & Campbell, within the jurisdiction of the constable, from the time of the delivery of the execution to him, *except* such property as was *exempt* from execution, or was sold, or pledged to an innocent purchaser before levy. After the levy of attachment, Muir & Campbell still had an interest in the property and the power to transfer it. The property was not claimed to be

exempt from execution, and it was subject to the lien of the execution of the justice from May 7, 1881, the time of its delivery to defendant. No one, on May 20, 1881, could obtain such interest free from such lien, except as an innocent purchaser. The plaintiffs were not innocent purchasers within the meaning of the statute.

APPEAL from Holt Circuit Court, HON. H. S. KELLEY, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action for the recovery of the possession of personal property. The action was instituted by H. H. Simpson and James F. Bridgeman; afterward Simpson died and his administrator Fleming was made a party plaintiff.

As to some of the facts there was a contention between the parties. Other facts were admitted. Determining the contention as to all the disputed facts in favor of the plaintiffs, the facts of the case may be stated as follows:

The defendant was constable of Benton township, Holt county, Missouri. Upon May 7, 1881, a valid execution against Muir & Campbell was delivered to him, issued by a justice of the peace. On May 19, 1881, the sheriff of Holt county seized the property in suit, under a writ of attachment against Muir & Campbell. Muir & Campbell retained the possession of the property by giving to the sheriff a forthcoming bond therefor. Muir & Campbell were indebted to an amount exceeding a thousand dollars to Simpson and Bridgeman. On May 20, 1881, Muir & Campbell transferred and delivered the said property to Simpson and Bridgeman on account of said indebtedness. On May 22, 1881, the defendant seized and levied upon the property under the execution. Simpson and Bridgeman thereupon brought this action.

LANCASTER, THOMAS & LACY, for the appellant.

I.    To entitle plaintiffs to recover in this case it is not sufficient that defendant did not have a right to the immediate possession of the property at the time of the institution of this suit; but *plaintiff's* must have had a right to the immediate possession thereof.   *Bayless v. Lafaivre*, 37 Mo. 119 ;   *Gartside v. Nixon*, 43 Mo. 138.

II.    There was a valid levy of the execution on the morning of May 19, 1881, prior to the levy of the writ of attachment, and prior to the transaction by and through which plaintiffs claim the property.   *Douglas v. Orr*, 58 Mo. 573.

III.    Plaintiffs are estopped, by the act of Simpson in delivering to the constable a written notice, under section 3023, Revised Statutes, of his and Bridgeman's claim to the property, from denying that there was a levy of the execution in the forenoon of May 19, 1881. *Hundley v. Filbert*, 73 Mo. 34, and cases cited.

IV.    The execution was a lien on the property in the hands of the execution defendants Muir and Campbell from the time it came into the hands of the constable on May 7, 1881.   The writ of attachment was levied on the property, subject to the lien of the execution, and plaintiffs, having notice of the execution, took the property subject to its lien.   Rev. Stat., *sect. 3017*.

V.    There was no change of possession of the property at the time of, nor after, the alleged transfer thereof by Muir & Campbell to Simpson and Bridgeman. *Stern v. Healey*, 68 Mo. 262 ;   *Wright v. McCormick*, 67 Mo. 426 ;   *Claflin v. Rosenberg*, 42 Mo. 439 ;   *Bishop v. O'Connel*, 56 Mo. 158.

JOHN W. STOKES and E. VAN BUSKIRK, for the respondents.

I.    The execution in the hands of the constable was no lien upon the property of Muir & Campbell, as

against respondents, prior to the *making of the levy*. The levy was *subsequent* to the sale and transfer of the property in payment of the indebtedness. And the mortgage to plaintiffs by Muir & Campbell was valid between the parties, whether properly acknowledged and recorded or not, and the transfer of the property in satisfaction of it was valid and binding.

II. As to the *time* of the levy, the issue was fairly submitted to the jury under an instruction proper under the evidence. This court will not interfere with the verdict where the issue has been properly submitted and the evidence tends to justify the verdict. *There is no estoppel*. Defendant claims a levy. Plaintiffs deny it, and the issue was submitted under proper instructions and found for plaintiffs. See section 3023, Revised Statutes, as to notice of claim.

III. The issue as to change of property and of possession was also properly submitted to the jury, and the issue found for plaintiffs.

IV. The case was fairly submitted on all the issues, the verdict was for the right party, and the judgment should stand.

HALL, J.—The defendant denied many of the facts in the foregoing statement, but the plaintiffs controverted none of them. The plaintiffs made their right to recover depend upon the facts as stated.

The question in the case is: Under the facts were the plaintiffs, at the time of the institution of this action, entitled to the immediate and exclusive possession of the property as against the defendant?

The possession of the property by the sheriff placed it in the custody of the law, and it was not, while such possession continued, subject to levy by the defendant. Drake on Attachment, sects. 251, 267; Freeman on Executions, sects. 129, 130; *National Bank v. Owen*, 79 Mo. 431.

The lien of the attachment was not lost by Muir & Campbell retaining the property under the forthcoming bond. *Evans v. King*, 7 Mo. 413 ; *Labeaume, etc., v. Sweeney*, 21 Mo. 166. Their possession was substituted for the possession of the sheriff. They were his bailees. The property continued to be in the possession of the law, and was not subject to levy by the defendant. Drake on Attachment, sect. 267 ; *Thompson v. Marsh*, 14 Mass. 269 ; *Hagan v. Lucas*, 10 Peters, 400 ; *McKinney v. Purcell*, 28 Kansas, 447, and cases cited.

Had the defendant taken the property from the possession of Muir & Campbell, while they retained such possession, they could have recovered such possession by replevin. *Roberts et al. v. Dunn*, 71 Ill. 50.

It must be borne in mind that Muir & Campbell retained and held possession of the property, not as owners, but as bailees of the sheriff and in his stead. The possession of the property they did not give the power to transfer to Simpson & Bridgeman. The transfer of such possession by them to Simpson & Bridgeman was without authority. Simpson & Bridgeman had no right to the possession of the property. Hence, the plaintiffs were not, at the institution of this action, entitled to immediate and exclusive possession of the property as against the defendant. It matters not that the sheriff or Muir & Campbell were entitled to such possession. The plaintiffs' right to recover the possession of the property depended upon their *own* right to such possession. *Gartside v. Nixon*, 43 Mo. 138.

By section 3017, Revised Statutes, the execution became a lien upon the property of Muir & Campbell, within the jurisdiction of the defendant, from the time of the delivery of the execution to him, except such property as was exempt from execution, or was sold, or pledged to an innocent purchaser before levy.

After the levy of the attachment, Muir & Campbell still had an interest in the property, and that interest

they had the power to transfer to any one. No claim was made by the plaintiffs in the trial of this case that the property was exempt from execution. Therefore, the whole interest of Muir & Campbell in the property, from the delivery of the execution to the defendant on May 7, was subject to the lien of such execution. No one, on May 20, could obtain such interest free from such lien, except as an innocent purchaser. Were Simpson & Bridgeman innocent purchasers within the meaning of the statute? They were not. The object of the statute was to protect those who should acquire rights between the delivery of the execution to the officer and the levy under circumstances which would render them liable to be defrauded, unless so protected. A creditor of the defendant in the execution, who takes the latter's property in payment of his debt, is not thereby placed in such danger. The object of the statute was not to enable the defendant in the execution to make a preference among his creditors.

The plaintiffs were not entitled to the possession of the property against any one. But as against the defendant they are not entitled to such possession, because their whole right was subject to the lien of the execution under which the defendant made the seizure and levy.

Many questions have been presented in this case, which we had not thought it necessary to determine.

Judgment reversed and cause remanded. Philips and Ellison, JJ., concur in the result.