## J. B. HUDSON, Appellant, v. B. F. LAMAR, Respondent.

### St. Louis Court of Appeals, March 15, 1898.

1. **Chattel Mortgage:** CUSTODIA LEGIS. A chattel mortgage given by A., the owner of a stock of goods, to B. to secure B. on an indemnity bond to the sheriff to release said stock of goods upon which the sheriff had theretofore levied by virtue of a writ of attachment, is void for the reason that the goods so levied upon are *in custodia legis*.

2. **Bailee:** SHERIFF: ATTACHMENT. The party to whom the sheriff releases property theretofore levied upon by him by virtue of a writ of attachment, is the bailee of said sheriff, and can not sell or mortgage said property.

*Appeal from the Barry Circuit Court.*—HON. JOHN C. LAMSON, Judge.

AFFIRMED.

CLOUD & DAVIES and R. H. DAVIS for appellant.

There were no equities in this case to adjust. Plaintiff was entitled to judgment for the whole of the property replevied. Property which has been attached and released to the defendant, upon his executing a delivery bond therefor, with sureties, can not again be attached while liable to be required to be delivered under the bond. Drake on Attachment [6 Ed.], secs. 251–267, 331; Shinn on Attachment, sec. 46, p. 70; 7 Lawson Rights, Rem. and Prac., pp. 55, 58; Coen v. Watkins, 62 Mo. App. 502; Bank v. Owen, 79 Mo. 429; Bank v. Watkins, 43 Am. Dec. 259. Section 570, Revised Statutes is a substantial re-enactment of the common law, and does not repeal the doctrine of *"custodia legis,"* as no new principles are introduced. Metzner v. Graham, 57 Mo. 404; Bank v. Steinberg,

44\ Mo. App. 401. The levy of an attachment on mortgaged property is a breach of the conditions of the mortgage, and the mortgagee may maintain replevin. State to use v. Murphy, 64 Mo. App. 63. If the defendant as sheriff attached, on the first attachment, more than enough to satisfy the debt and probable costs, it was his error, his wrong, of which he can not take advantage in this proceeding.

PEPPER & STEEL, G. M. SEBREE and WM. H. HORINE for respondent.

The plaintiff does not claim any interest in the property except an amount sufficient to indemnify him on his delivery bond. By the adjustment of the court appellant was allowed the amount of the McGregor-Noe judgment and costs, which was the full amount of his special interest, and under the repeated rulings of the appellate courts the court is entitled to equitably adjust the rights and interests of all the parties in the replevin suit. Dilworth v. McKelby, 30 Mo. 149; Bowtell v. Warne, 67 Mo. 350; Daugherty v. Cooper, 77 Mo. 529; Hickman v. Dill, 37 Mo. App. 509; Wilson v. Smith, 60 Mo. App. 469.

BLAND, P. J.—The petition stated that the defendant is the sheriff of Barry county; that on July 28, 1896, the McGregor-Noe Hardware Company sued out of the office of the clerk of the circuit court of Barry county a writ of attachment against one Lawrence Sulkowski and delivered the same to defendant as sheriff, by virtue of which writ he levied upon a stock of merchandise; that one William Lucjack, the father-in-law of Sulkowski, claimed to be the owner of the goods levied upon, and that he, Lucjack, and Sulkowski being desirous of retaining possession of the goods by

giving a forthcoming bond to the sheriff, entered into an agreement with plaintiff, that in consideration of plaintiff's signing the forthcoming bond as security, the plaintiff should have possession and control of the goods to secure him against loss as security on the forthcoming bond; that plaintiff did sign the bond, and that the defendant by direction of Sulkowski and Lucjack, delivered possession of the goods to the plaintiff; that afterward Sulkowski and Lucjack, to wit, July 30, 1896, executed and delivered to plaintiff a chattel mortgage on all the goods attached, to secure him against loss or damages on the aforesaid forthcoming bond, which mortgage was duly acknowledged, and on the first day of August, 1896, duly recorded; that on August 13, plaintiff delivered possession of the goods to Sulkowski as the agent of Lucjack; that on July 29, 1896, G. D. Milligan and O. L. Milligan, sued out a writ of attachment against Sulkowski from the office of the clerk of Barry circuit court, and delivered the same to defendant as sheriff, who on the —— day of August, 1896, levied this second attachment upon the goods; that two other attachment suits were afterward begun against Sulkowski and writs issued and levied on the same goods; that an order of sale was procured by Milligan and Milligan for the sale of the goods, and the goods were advertised for sale, when plaintiff replevied them. The answer admitted the issuance of the several writs of attachments, and claims successive levies on the same goods, admits the execution of the forthcoming bond by Lucjack with plaintiff and Sulkowski as securities, and admits the execution of the chattel mortgage by Lucjack and Sulkowski to plaintiff upon the same goods, with conditions as set out in plaintiff's petition, but denies that Lucjack was the owner of the goods, and avers that Sulkowski was the true owner and avers that the mortgage to plaintiff

was fraudulent and made for the purpose of covering up and protecting the property of Sulkowski, to hinder and delay his creditors. For further answer says that if the forthcoming bond and mortgage are valid, then plaintiff has only a special interest in the goods, a sum sufficient to indemnify him against such sum or sums as he may be compelled to pay out as security on the forthcoming bond, which is averred not to exceed $200, and asks for an equitable adjustment of the plaintiff's interest in the goods, and that after plaintiff's interest is discharged that the balance of the goods be returned to defendants, to pay on the attachment writs in his hands.

A trial was had by the court without a jury, by consent of parties. The attachment writs were shown by the proof to have been issued as averred in plaintiff's petition; a judgment was recovered in the McGregor-Noe Hardware Company sustaining their attachment against Sulkowski; judgment was also recovered on the merits for $156.60, and an order made on Sulkowski, Lucjack and plaintiff to deliver the attached goods to the sheriff on or before November 14, 1896. The judgment was paid. The chattel mortgage was read in evidence and was as described in the petition and covered the goods levied on under the several writs of attachments, and was conditioned as stated in the petition—that is it was given to indemnify plaintiff against loss or damage, as security on the forthcoming bond of Lucjack and Sulkowski. It was admitted that the sheriff had seized the goods under the attachment in the Milligan suit and was about to sell them under an order of the court issued in that case, when they were replevied from him in this action.

Hudson testified as follows: "I am the plaintiff in this case, and am acquainted with the Sulkowski stock

VOL. 74 app—16

of goods, attached by the McGregor-Noe Hardware
Company.   The chattel mortgage executed by Lucjack
and Sulkowski covers the stock of goods put up at Brice-
field by Sulkowski, and is the same stock attached by
the McGregor-Noe Hardware Company, and is the same
stock of goods described in the replevin writ.   These
goods were virtually in my possession, I presume, when
they were attached by Milligan and the Keet-Rountree
Company.   I had them in my possession and turned
them over to Sulkowski, before they were attached, as
the agent of Lucjack, father-in-law to Mr. Sulkowski."

### CROSS-EXAMINATION.

"I lived near Bricefield at the time of these attach-
ments.   I have known Sulkowski since he came there.
I think he came there in February, 1896.   I was at the
store occasionally.   He did business in the name of L.
Sulkowski.   He had a sign in front of the door up
to the time they were attached by the McGregor
Hardware people. I do not remember of seeing Luc-
jack in the store.   I saw him walking around there
when they were building the store.   I was around the
store occasionally before this bond was given.   I saw
Lucjack in the loft sick at the time this bond was given.
Mr. Sulkowski and his wife were running the store at
this time the same as they had all the time.   I did not
notice any change in the possession.   Didn't see any-
thing unusual.   Sulkowski and his wife seemed to run
the store.   I know nothing about his selling to Luc-
jack before the attachment.   I didn't know anything
about it until about that date.   Had no talk with him
about the business until it was attached; then he came
for me to sign the bond.

"*Q.* Sulkowski wanted you to go on the bond for
him so he could retain the goods?   *A.*   Yes, sir.   He

came to my house and said the goods had been attached, and he wanted the goods, and he said they belonged to his father-in-law at the time. He says: 'You go on the bond, and my father-in-law will secure you.' I said: 'Will you sign the bond too?' And he says: 'Yes,' and they did sign it. Of course, I don't know anything about Lucjack, because he didn't talk any English. I never had been in his company. I taken an interpreter and had him explain everything to Lucjack, and I told Sulkowski if they both would sign the mortgage I would go on the bond.

"*Q.* Well, what did you do when the forthcoming bond was given and the sheriff attached them and went away? *A.* The sheriff turned the keys over to me, and I carried them a day or two, and then turned them over to Sulkowski, as agent for Lucjack, with the understanding that he was to sell, and turn over to me all the money that was collected, and I was to deposit the money in the bank, that was the understanding between Sulkowski and me; and a day or so after that Lamar, the sheriff, came and attached again, and when he attached, I asked Sulkowski if he had any money he had taken in, and he said he had not. If he sold anything he would have turned it over to me. The sheriff came again and attached, and I instituted this replevin suit after he had advertised them to sell.

"*Q.* You claim no interest in this case at all except what would indemnify you on your forthcoming bond? *A.* I claim no interest in the world only what would pay it."

He further testified that he had sold $170 worth of the goods and had deposited the money in bank; that in addition to the mortgage on the goods, he had also a deed of trust on one acre of land and a house, a mortgage on a horse and wagon, swing and platform, to secure him as security on the forthcoming bond. On

the part of the defendant the evidence amply showed that Sulkowski had not sold or delivered the goods to Lucjack and that Sulkowski was the actual owner of the goods. At the close of the testimony the appellant asked the court to declare the law as follows:

"The court declares the law to be that if the court finds from the evidence that the goods in controversy or any part thereof, were attached on a writ of attachment issued by the clerk of this court, in behalf of the McGregor-Noe Hardware Company against Lawrence Sulkowski, and said goods were by this defendant, as sheriff levying said attachment, released under a forthcoming or redelivery bond under the statute, then said goods so attached and released were in the custody of the law, and defendant had no authority of law to retake said goods so released under the said forthcoming or redelivery bond under attachment issued subsequent to the release under said bond, and has no equities in the goods so released to adjust in said action, and the plaintiff will recover as to all such goods so released." The court refused to so declare the law and rendered the following judgment:

"Now at this day comes the plaintiff and defendant, in person and by their attorneys, and announce ready for trial, and by agreement a jury is waived, and this cause is submitted to the court. The court after hearing the evidence and argument of counsel, finds that the plaintiff has taken the goods in controversy, and holds the same, and that the value of said goods is $500.

"The court further finds that the plaintiff is not entitled to all the said goods, but has a special interest in the same to the amount of $183.50, and that the defendant is entitled to the balance of said goods, and the defendant having elected to take the balance of his interest in the goods, the said defendant is entitled

to recover from plaintiff the sum of $316.50, that being the difference between the value of said goods and the amount of plaintiff's special interest therein.

"Therefore it is ordered, considered and adjudged that defendant have judgment against the plaintiff and his securities on his replevin bond for the sum of $316.50, and that execution may issue therefor."

After unsuccessful motions for new trial Hudson took his appeal.

It is contended by the respondent that the forthcoming bond is void for the reason that it was not given by Sulkowski, who was the defendant in the attachment and the real owner of the goods. The evidence is that Hudson required both Lucjack and Sulkowski to sign the bond, and that they both did sign it, and we think it immaterial that Lucjack is designated in the bond as principal and Sulkowski as one of the securities. It is the bond of each of them and they are equally bound, the bond being the joint and several bond of all who executed it under our statute. (R. S. 1889, sec. 2384.) The bond was not executed by a stranger or mere interloper, but by the real owner of the goods, whether he be Lucjack or Sulkowski. The lien on the McGregor-Noe Hardware Company on the goods, obtained by their attachment, was in full force at the time of their seizure on the attachment in the Milligan case, and were *in custodia legis* and therefore not subject to the latter attachment. Shinn on Attachment, sec. 46; Drake on Attachment, sec. 251; Bank v. Owen, 79 Mo. 429; Bolckow Mill Co. v. Turner, 23 Mo. App. cit. cit. 109; Fleming v. Clark, 22 Mo. App. 218.

The instruction is a correct declaration of the law of this case and should have been given. The goods being in the custody of the law when the defendant as sheriff seized them on the Milligan attachment, his

seizure was void, and by this act he acquired no legal or equitable right to the possession of the goods, nor did he acquire any legal or equitable interest in them. The seizure of the goods by the defendant as the property of Sulkowski was a breach of the conditions of the mortgage against a sale or attempt to sell, State to use v. Murphy, 64 Mo. App. 63, and authorized the appellant to sue for their recovery. My associates do not agree with me that the mortgage to Hudson was a valid one. Judge BIGGS is of the opinion that the mortgage was absolutely void, for the reason that the property was *custodia legis*, that Sulkowski was in possession as the bailee of the sheriff, and under the authority of Fleming v. Clark, *supra*, he could not lawfully dispose of it or encumber it; that plaintiff Hudson obtained no title or interest whatever in the goods by reason of his mortgage and could not maintain an action in replevin for their recovery. Judge BOND is of the opinion that the plaintiff got all he asked for, was fully indemnified as surety on the delivery bond, that the judgment is a correct judgment of his equities, and should be affirmed, notwithstanding error may have intervened on the trial. It follows from these views of my associates that the judgment must be affirmed, and it is so ordered.