By the Court,

Nelsoet, C. J.
We must assume that the levy by Hillyer was bona fide and effectual. It was followed up by taking actual possession of the goods a few days afterwards, when they were replevied by the plaintiff. The replevin put an end to the lien, 2 Dallas, 68-9 ; 1 Br. Ch. R. 427; though if found in the possession of the plaintiff, and, perhaps, out of it, unless protected by a bona fide purchase, or what would be deemed in law equivalent, the goods might be seized on the writ de retorno. Ibid.
What right then did the plaintiff acquire by virtue of the replevin, independently of his purchase of Jessup ? I think he should be regarded as possessing all the interest that belonged to Sheriff Hillyer under the fi. fa.; and if that be sufficient to defeat the levy of the defendant below on the second execution, it must equally enure to the benefit of the plaintiff. The bond is substituted for the goods, and is conditioned, among other things, to return the property if adjudged against him. Although the lien of the execution is gone, according to the cases cited, it is because the bond is regarded as an equivalent security for satisfaction of the judgment to the extent of the value of the goods. It would seem, *there- [ *616 ] fore, but just and equitable that the interest to the extent of the lien should pass to the party thus giving the security and taking a deliverance according to law.
Besides, it being conceded that the goods were in the custody of the law under a valid levy by Hillyer, who was entitled to the exclusive possession of the same, it is difficult to see how the defendant can fairly acquire any new right to the possession while that claim exists in full force, to be satisfied either out of the property by a "return, or the security given therefor. Even if the plaintiff had taken the property as a trespasser, and sheriff Hillyer had sued in the action of trespass, a recovery and payment would vest the title in the defendant; nor would it have been subject to the second execution.
Assuming that the plaintiff acquired by virtue of the bond and replevin the property in question; then, though it still continued in the possession of Jessup, it would not be subject to execution against him. The relation of vendor and vendee, or mortgagor and mortgagee, did not exist to bring it within the act against fraudulent conveyances. The title to the goods *470 was independent of Jessup, and the use and enjoyment by him not in violation of law. The case stands on the footing of a loan, or gift of the use of personal property by a stranger; an act not incompatible with his claim of title, or in derogation of his right.
Judgment affirmed.