By the Court, Bronson, J.
The action brought by Mrs. Seitz abated by her death in February, 1842, and could not be revived by scire facias. (Webber v. Underhill, 19 Wend.447.) The plaintiffs then say, that the delivery of the goods by virtue of her writ of replevin had put an end to the lien of the execution, and consequently that the defendant had no right to retake the property. Several cases are cited in support of that position; but they do not go the whole length of deciding the point. In Bradyll v. Ball, (1 Bro. Ch. Rep. 427,) the goods of a tenant were distrained for rent. He brought replevin ; and pending the suit he became a bankrupt, and the goods passed into the hands of his assignees. Afterwards, the landlord obtained judgment in his favor in the replevin suit, and. sued out a writ de retorno habendo. On a bill in equity, and also, in an action for money had and received to his use, brought by the landlord against the assignees, it was held that the lieii of the distress was gone, and that the landlord was left to his remedy on the replevin bond. It will be observed that the landlord had such a remedy in that case; and also that third persons—the assignees in bankruptcy—had acquired rights under the plaintiff in replevin while the action was pending. The same is true of Woglam v. Cowperthwaite, (2 Dall. 68,) which in several of its features is much like the case in Brown. The landlord distrained for rent, and the tenant brought replevin. Pending the action a second landlord distrained the same goods for rent due from the tenant; and afterwards the first landlord ob- *560 tamed judgment, and issued a retorno hdbendo. It was held that the lien of the first distrainor was gone, and that he who made the second distress had the better right to the goods. The same principle was laid down in Frey v. Leeper, (2 Dall. 131,) where the court said, that the lien on the goods by the distress was discharged by the security given to the sheriff; and as soon as the goods are delivered back to the plaintiff in replevin, they are open to execution, or a new distress. It was said also in Acker v. White, (25 Wend. 614,) that the bond given to the sheriff is a substitute for the goods, and that a replevin of the goods put an end to the lien of an execution which had been previously levied. But in that case the replevin suit was still pending.
Now here, upon the facts offered to be proved, the goods on which the levy was made were the property of Burkle. The creditor, and the defendant as his representative, had a clear right to the property for the satisfaction of the judgment. Mrs. Seitz, without any right to the property—for so we must take the fact to be—obtained the possession by virtue of her writ of replevin. The suit then abated by her death. She only acquired a temporary right to the possession by the replevin; for on a judgment for the defendant, to which he was clearly entitled, he might have a return of the goods. When the writ abated, I do not see why the temporary right of possession which she acquired by it did not fall with it. I admit that third persons who might in the meantime have acquired rights under her could not be disturbed. But the right of no third person had intervened. The plaintiffs* as executors, have taken her place. They have succeeded to her rights, and nothing more. I think the lien of the execution was only suspended by the replevin, and that it revived when the suit abated. Suppose there had been a trial and judgment for the defendant for a return, and the goods had actually been re-delivered to him: there can be no doubt but that the lien of the execution would have revived, and that the defendant could sell by virtue of the original levy. And why should not the lien revive in the event which has happened ? I see no good answer to the question. *561 No one can be injured by it; but a different doctrine will work a wrong. The creditor is justly entitled to the goods, and he has no remedy upon the replevin bond, (2 R. iS. 523, § 7.) The condition of the bond does not cover the case. The suit has ended without the plaintiff’s fault. (Ormond v. Bierly, Carth. 519; Badlam v. Tucker, 1 Pick. 284.) I think the defendant was at liberty to retake the goods; or if he could not regain the possession peaceably, he might, after a demand, bring trover or replevin against the executors; or against any one else who had acquired no rights under Mrs. Seitz while the action was pending, or under her representatives afterwards. (Merritt v. Lambert, 8 Greenl. 128.)
The defendant did retake the goods; and then the executors brought this action of replevin. That is all well enough. But the defendant should have been permitted to prove that Burkle, against whom the execution issued, owned the goods. If such be the fact, it is entirely clear that the defendant ought to have the goods for the benefit of the creditor; and it is equally clear that the plaintiffs have no just ground for withholding the property. If the plaintiffs mean to insist that their testatrix owned the goods at the time of the levy, there is no difficulty in the way of their trying that question in this action. But they declined trying the title. The objection which prevailed at the circuit proceeds upon the ground, that although the plaintiffs have no right to the property, and the defendant has, still the death of Mrs. Seitz has created a difficulty which cannot be surmounted. There can be no remedy on the bond, and yet the plaintiffs insist that the defendant could neither retake, nor sue for the goods. We think otherwise. He might do either; and if the defendant can show that Burkle owned the property at the time of the levy, he will be entitled to a verdict in his favor.
New trial granted.