No. 10,398.

PIPHER *v.* FORDYCE ET AL.

EXECUTION.—*Levy.*—Chattels in the custody of the law are not subject to levy by execution.

SAME.—*Replevin.*—A. brought replevin against the sheriff for goods levied on by virtue of an execution against 'B., and under the writ the goods were delivered to A. While the action was pending the sheriff seized the goods by virtue of another execution against B.

*Held*, that the second levy was unlawful.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor*, for appellant.

*C. S. Dobbins* and *J. H. Stotsenburg*, for appellees.

ELLIOTT, J.—On the 20th day of November, 1880, the appellees were in possession of the personal property here in controversy, claiming to have acquired title through the Nelson Iron and Coal Company. On that day an execution issued on a judgment rendered against that corporation was levied on the property and a writ of replevin was sued out by the appellees, under which they obtained possession of the property; afterwards, and while the appellees were in possession under the writ of replevin, and while the action of replevin

was still undetermined, the appellant levied another execution issued against the coal company upon the same property.

It is the general rule that property in legal custody can not be seized by other judicial process than that under which it came into the custody of the law. In *Stout* v. *LaFollette*, 64 Ind. 365, the general principle is recognized and enforced. The only enquiry, therefore, is whether the principle can be deemed applicable to such a case as the one under examination.

The possession of the appellees secured to them by the undertaking given in the replevin proceedings was, in legal contemplation, that of the law. Because they, instead of the sheriff, were in actual possession, did not change the character of the possession; they were in custody by virtue of the process of the court, and really as its agents. Of a similar case the Supreme Court of the United States said: "On the giving of the bond, the property is placed in the possession of the claimant. His custody is substituted for the custody of the sheriff. The property is not withdrawn from the custody of the law." *Hagan* v. *Lucas*, 10 Pet. 400.

Where vendees of a judgment debtor obtain possession of property by virtue of a writ of replevin, and by this process take it from the hands of the sheriff, it can not, while the action of replevin is pending and undetermined, be again levied upon under another execution issued against the vendee. This conclusion necessarily follows from the general principles we have stated, for the denial of this conclusion involves the affirmance of the proposition that property in custody of the law may be seized under judicial process. The case of *Rhines* v. *Phelps*, 3 Gilm. 455, is directly in point, and so also are the cases of *Acker* v. *White*, 25 Wend. 614, and *Selleck* v. *Phelps*, 11 Wis. 380. The text-writers approve the doctrine. Hilliard Remedies for Torts (2d ed.), p. 51, sec. 29; Freeman Executions, 135.

Judgment affirmed.

HOWK, J., did not take part in the decision of this cause.