The Bates County National Bank v. Owen.

THE BATES COUNTY NATIONAL BANK v. OWEN, *Appellan'*

**Custodia Legis :** REPLEVIN.  Property held under judicial process cannot be taken under other judicial process.  Hence, where property levied upon as belonging to A has been replevied by B under claim of title, it cannot be again taken under execution against A while the action of replevin is pending and undetermined.

*Appeal from Bates Circuit Court.*—Trial before HON. WM. PAGE, sitting as Special Judge.

REVERSED.

*E. J. Smith* and *W. S. Shirk* for appellant.

*S. B. Lashbrook* and *Jno. T. Smith* for respondents.

EWING, C.—The Bates County National Bank, A. S. Grosshart, administrator of L. Settles, and William and R. A. Walton having judgments of Bates county circuit court against Crayton Owen, sued out each an execution directed to the sheriff of Bates county, who, on April 28th, 1880, levied them jointly on ninety-nine sheep, 100 lambs and fifteen yearling steers.  The next day the claimant, A. B. Owen, presented to said sheriff his claim for all said property under section 2366, Revised Statutes, in due form and duly verified, claiming to own said property, and that defendant C. Owen had no interest in it, and that the claim was made in good faith.  Thereupon plaintiff in each execution gave bond, as required by said section, and the claim and bonds were returned into court at the July term, 1880, and docketed separately ; and then by order of court consolidated and tried as one case.  Plaintiffs in the three executions filed a joint answer to the claim, denying all material allegations in it, and alleging the property is that of C. Owen, and A. B. Owen has no right in it, and that a pretended transfer of it from defendant to claimant was to defraud defendant's creditors.  Claimant filed a reply, which is a general denial, and prays judgment for release

of the property and for costs.   On a trial before Hon. W. Page, special judge, without a jury, judgment was given for claimant as to the cattle or calves and they were ordered released to him, and against him as to the sheep and lambs, and they ordered sold, from which judgment the claimant appealed to this court.

After evidence for the claimant tending to show his ownership of the property, it appears from the evidence that on April 16th, 1880, ninety of the sheep were levied on by the sheriff of Bates county under two executions from the circuit court on transcripts of judgments from a justice of the peace, each in favor of Dewey and Cobb and against said Crayton Owen; that on said levy claimant put in a claim like the one in this case, and plaintiffs in execution gave bond as in this case, and on April 28th, 1880, claimant began suit in replevin against the sheriff, and had the writ and order of delivery directed to and executed by the coroner; that claimant giving proper bond, the coroner took the sheep from the sheriff and delivered them to the claimant, and they were again left in that same pasture; that immediately thereafter, on the same day, the sheriff levied on the same under the executions in this case, and claimant put in his claim for them again, which is the one in this case; that on the 16th day of April, 1880, the yearling steers and nine of the sheep in dispute were levied on by one Lewis, a constable, under a justice of the peace execution against C. Owen, and thereupon claimant began suit in the circuit court in replevin for said nine sheep and fifteen calves against the said constable, the sheriff of said county executing the writ and order of delivery, duly directed to him, by taking said property from Lewis and giving it to claimant, he giving proper replevin bond; and immediately thereafter said sheriff levied on the same under the two executions herein.

There was other evidence on the part of the claimant; and also evidence on behalf of the plaintiffs in the executions tending to show that C. Owen was the owner of the

property, and not A. B. Owen; but with our view of the law it is useless to look further into the evidence.

The claimant asked, among others, and the court refused, two instructions in effect as follows:

7. That if ninety of the sheep and the lambs were levied on by the sheriff of Bates county, on execution against C. Owen, and A. B. Owen duly claimed them under the same statute as in this case, and the execution creditors gave bond, and then A. B. Owen replevied the sheep and they were thus taken from the sheriff, and thereafter, on the same day levied on under the execution in this case, said sheep and lambs were not then subject to such levy, and the finding should be for claimant.

8. That if the other nine sheep and the calves were levied on by a constable, on executions against C. Owen, and were replevied in due course from him and delivered to claimant, and were thereafter immediately taken by the sheriff on the executions in this case, they were not then subject to execution, and the finding should be for claimant as to them.

The question is: Was this property so in the custody of the law that it was not subject to levy and seizure under the plaintiffs' executions? It appears from the evidence that all this property had been seized under execution, and had been replevied by claimant, and was then re-levied upon and seized by the sheriff by virtue of executions in favor of plaintiffs and against Crayton Owen. There is no dispute but that this was the status of the property when seized. The general rule is, that property in legal custody is not subject to be seized by other judicial process; that when it is held under judicial process, it cannot be seized by virtue of other judicial process. *Stout v. La Follette,* 64 Ind. 365; *Pipher v. Foredyce,* 88 Ind. 436; *s. c.,* 22 Am. Law Reg. 665; *Metzner v. Graham,* 57 Mo. 404. In *Hagan v. Lucas,* 10 Pet. 400, it is said, in speaking of a similar case: "On the giving of the bond the property is placed in the possession of the claimant. His custody is substi-

tuted for that of the sheriff. The property is not withdrawn from the custody of the law." "Where vendees of a judgment debtor obtain possession of property by virtue of a writ of replevin, and by this process take it from the hands of the sheriff, it cannot, while the action of replevin is pending and undetermined, be again levied upon under another execution issued against the vendees." *Pipher v. Foredyce, supra.* This view disposes of the case, and we consider it unnecessary to examine further.

The refusal of the court below to give the instructions seven and eight was error for which the judgment must be reversed and the cause remanded, which is accordingly done. PHILIPS, C. concurring; MARTIN, C., absent.