## SMITH *et al. v.* PAYNE *et al.*

*(Superior Court of New York City, General Term. February 4, 1889.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—PARTIES.

The validity of an assignment for benefit of creditors cannot be assailed by attaching creditors without making the assignee a party.

2. SAME—CONFESSION OF JUDGMENT BY ASSIGNOR—DUTY OF ASSIGNEE.

So long as an assignment for benefit of creditors stands, attachment creditors cannot attack as fraudulent judgments confessed by the debtor in favor of other creditors. That is the duty of the assignee.

Appeal from special term.

Action by Alfred H. Smith, Harrison B. Smith, Sigmund Saril, Caroline Marchand, Leonard Marchand, and the Illinois Watch Company, against William N. Payne, Frederick D. Steck, May L. Payne, Augusta L. Bamber, and Louise Nellis, and Hugh J. Grant, sheriff of the city and county of New York, to enforce plaintiffs' rights as attachment creditors. Defendants appeal from an order continuing an injunction *pendente lite.*

Argued before SEDGWICK, C. J., and TRUAX and INGRAHAM, JJ.

*L. Laflin Kellogg,* for appellants.    *Franklin Bien,* for respondents.

TRUAX, J.  The plaintiffs allege that the defendants William H. Payne and Frederick D. Steck were indebted to them and others in various amounts; that they (the plaintiffs) commenced various actions to recover such amounts, and that they obtained attachments against said defendants William H. Payne and Frederick D. Steck, which attachments were duly issued to the sheriff of the city and county of New York; that, prior to the commencement of said actions and to the issuing of said attachments, the said defendants William H. Payne and Frederick D. Steck confessed judgments to the defendants May L. Payne, Augusta L. Bamber, and Louise Nellis; that executions were issued on said judgments to the sheriff of the city and county of New York, who thereupon levied upon all the property of the said defendants William H. Payne and Frederick D. Steck; that thereafter said Payne and Steck made and executed a general assignment to one Arthur H. Smith; that said judgments were fraudulently confessed, and that said assignment was made with the intent to hinder, delay, and defraud the creditors of said William H. Payne and Frederick D. Steck, and that the executions issued on said fraudulent judgments are liens, and said assignment is an incumbrance on the property of said Payne and Steck prior to the liens of the attachments issued as aforesaid in behalf of the plaintiffs; that the sheriff is about to pay to the said judgment creditors the money made by him on the executions issued on said fraudulent judgments; and the relief demanded is that the said defendants May L. Payne, Augusta L. Bamber, and Louise Nellis be enjoined from recovering, and the said sheriff be enjoined from paying to them the moneys made on said executions "until the plaintiffs herein are enabled to obtain their judgments on the claim brought by them on which attachments were issued as aforesaid, in order to determine the validity of the judgments upon which the executions were issued to the sheriff in favor of the defendants as aforesaid." It is to be noticed that the general assignee is not made a party to this action, and that, as far as this action is concerned, said general assignment remains in full force and effect. The defendants, the judgment creditors above named, deny the allegations of fraud, but admit the general assignment. We do not, however, consider it necessary to determine on this appeal the questions of fraud as to the confessions of judgment. We cannot determine the question of fraud as to the assignment, because the assignee is not a party to this action. On the argument of this appeal the plaintiffs relied on the case of *Bates* v. *Plonsky,* 28 Hun, 112. That case differs from the case now before us in a very material respect. In that case, as in this, there were judgments, executions, and assignments, which were all alleged to be fraudulent and void; but in that case the assignee was made a party, and part of the relief asked was that it be adjudged that the plaintiffs had a lien prior to the claim of the assignee. But even that case was limited by the same court in the subsequent case of *Bowe* v. *Arnold,* 31 Hun, 256.

We are of the opinion that the plaintiffs are not in a position to assail the prior judgments and executions as long as the general assignment remains in force. They have alleged the making and recording of the assignment, and have made the assignment itself a part of their moving papers. As long as that assignment remains in force the right to assail the judgments and executions on the ground that they are fraudulent against creditors rests, not in the creditors themselves, but in the assignee, (*Loos* v. *Wilkinson,* 110 N. Y. 195, 209, 18 N. E. Rep. 99, and cases there cited;) and the assignee is liable for a negligent omission to assail fraudulent transfers made by the assignor prior to the assignment, (*In re Cornell,* 110 N. Y. 357, 18 N. E. Rep. 142.) The order appealed from is reversed, with costs, and the injunction is vacated, with $10 costs. All concur.