### TREMAINE v. MORTIMER et al.

(*Superior Court of New York City, General Term.* December 5, 1889.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ASSIGNEE—PRIOR INCUMBRANCES.
   The purchaser under execution of property assigned for the benefit of creditors, has no right to contest prior incumbrances on the property, as the assignment remains in force, notwithstanding the sale of the assignor's interest in the property, and such right is in the assignee.
2. EXECUTION—PROPERTY SUBJECT TO LEVY—CHATTELS REPLEVIED.
   Where a chattel has been replevied it may not be levied on, while in the possession of the sheriff, by virtue of an execution against defendant in replevin.

Appeal from trial term.

Action by William B. Tremaine against William Y. Mortimer and others. Plaintiff appeals from an order vacating and setting aside the verdict of a jury in favor of the plaintiff, and directing judgment dismissing the complaint.

Argued before FREEDMAN and TRUAX, JJ.

*Herbert T. Ketcham,* for appellant.   *John W. Pirsson,* for appellees.

TRUAX, J.   One Sewall made two mortgages on November 2, 1885, upon certain personal property then belonging to him, and then in his possession. One of these mortgages was made to one Chase, and the other was made to the defendants herein.   Both were filed in the register's office on the same day.   The Chase mortgage was refiled April 8, 1887, but the mortgage to the defendants has never been refiled.   Sewall having made default, Chase took possession of the property mentioned in the mortgage, under his mortgage, on December 12, 1887, and on the following day said Sewall made a valid general assignment for the benefit of his creditors.   Thereafter certain judgments were obtained against said Sewall, executions were issued on the said judgments to the sheriff of the city and county of New York, and on January 9, 1889, the sheriff sold to the plaintiff, by virtue of said executions, all the right, title, and interest of the said Sewall in and to the said property.   The plaintiff claims the right to the property by virtue of said sale to him as aforesaid, and has brought his action against the defendants to recover damages for the conversion by the defendants of the said property, while the defendants claim under the Chase mortgage as well as under the mortgage to them.   We think that the case of *Smith* v. *Payne,* 3 N. Y. Supp. 826, is decisive of this case.   It was held by this court in that case that, while an assignment for the benefit of creditors remains in force, the right to assail prior incumbrances is in the assignee, and is not in the judgment creditor.   It is true that the sheriff sold all Sewall's right, title, and interest in and to the property of the plaintiff.; but at the time of this sale Sewall had no right, title, or interest in or to the property, because he had parted with it by virtue of his general assignment; and as that assignment remains in force, the assignee, and not the creditors of Sewall, would be entitled to the property.

The defendants also claim the right to hold the property by reason of certain proceedings taken by them under the mortgage to them.   It was shown on the trial that, before any levy had been made under the executions that were issued on the judgments against Sewall, the defendants brought an action of replevin against Chase, Sewall, and Sewall's assignee.   Such proceedings were had in this action that the property mentioned in the complaint was delivered by the sheriff to the defendants.   While the property was in the possession of the sheriff, under the warrant of replevin, a levy under the executions, which had been issued upon the judgments above referred to, was made.   The plaintiff claims under the sale that was made by virtue of this levy.   The case cannot be distinguished in any material respect from the case of *Bank* v. *Dunn,* 97 N. Y. 149, in which it was held that, where a chattel has been replevied, it may not, while in the possession of the sheriff, be levied upon by virtue of an execution against the defendant in the replevin action.   Of course, if the property cannot be levied upon, no valid sale can be made under such a pretended levy, and the plaintiff did not acquire a valid title by his alleged purchase under such sale.   The judgment and order are affirmed, with costs.