SCHWAB *et al. v.* KAUGHRAN *et al.*

*(Supreme Court, Special Term, New York County.* December, 1891.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PARTNERSHIP—INDIVIDUAL DEBT.

An assignment for the benefit of a firm's creditors is void where, shortly before it was made, one of the partners paid his wife, out of the assets, an individual debt; and it was immaterial that it was paid "through an honest mistake, and in the belief that he had a right to" do so, or that she afterwards repaid the amount to the assignee.

Action by Gabriel Schwab and another against Thomas F. Kaughran and another to set aside an assignment for the benefit of creditors. Judgment for plaintiffs.

*John J. Adams,* for plaintiffs, *G. W. Pettit,* for defendants.

TRUAX, J. The plaintiffs seek to set aside a general assignment made by Thomas F. Kaughran and Edward G. Barrett, composing the firm of Kaughran & Co., on the ground that it was made with intent to hinder, delay, and defraud the creditors of the said firm of Kaughran & Co. The plaintiffs seek to set aside said assignment on various grounds. One of those grounds is sufficient, under well-established principles of law, to warrant the relief asked for, and therefore it is not necessary to consider any circumstance except the one above referred to.

Shortly before making the said assignment one of the said firm gave to his wife, from the assets of the firm, the sum of $3,750, in payment of a debt that he, and not the firm, owed his said wife. This the law regards as a voluntary transfer made to hinder, delay, and defraud the creditors of the firm, and as to them is void. *Bulger* v. *Rosa,* 119 N. Y. 465, 24 N. E. Rep. 853, and cases there cited; *Durant* v. *Pierson,* 124 N. Y. 449, 26 N. E. Rep. 1095, and cases there cited; *Coleman* v. *Burr,* 93 N. Y. 17; *Chambers* v. *Smith,* (Sup.) 14 N. Y. Supp. 706. But it is claimed on the part of the defendants that, at the time the said payment was made, the defendant who made the payment believed that he had a right to make it, and that, therefore, there was no fraudulent intent. In this respect the case is like *Coleman* v. *Burr, supra,* in which case the referee before whom the action was tried found "the whole transaction to be fair and honest;" but, said Judge EARL, the referee "here, however, found facts from which the inference of fraud is inevitable, and, although he has characterized the transactions as honest and fair, that does not make them innocent, nor change their essential character in the eye of the law. Mr. Burr must be deemed to have intended the natural

and inevitable consequences of his acts, and that was to hinder, delay, and defraud his creditors." And in *Chambers* v. *Smith* the court said that the purpose for which the assignor gave a portion of his property to his wife "was creditable to his nature, unless in doing so he violated the legal right of his creditors, in which case the law requires him to be just rather than generous." It is also claimed on the part of the defendants that no harm was done by this payment to the wife, because she afterwards repaid the amount to the assignee. That fact is immaterial. The intent that controls is the intent of the assignor at the time of making the assignment, and this intent is not overruled by showing that, after the assignment, and on the demand of the assignee, the money that had been in law fraudulently transferred was returned to the assignee. If the contention of the defendants were right, the validity of the assignment would depend, not on the intent of the assignor at or immediately prior to making the assignment, but upon the acts of the assignee subsequent to the assignment. *Starin* v. *Kelly*, 88 N. Y. 418; *Loos* v. *Wilkinson*, 110 N. Y. 210, 18 N. E. Rep. 99. It was said in the case last above cited: "It may be that an honest assignee may undo all the fraudulent acts of the assignor preceding and attending the assignment and the preparation of the schedules under it. Yet, if the assignment was made by the assignor with the fraudulent intent condemned by the statute, the assignment may be set aside at the suit of judgment creditors, and all powers of the assignee, however honest he may be, taken away. In assailing a voluntary assignment for the benefit of creditors, it is important only to establish the fraudulent intent of the assignor."

I have found, as matter of fact, that Mr. Kaughran paid the $3,750 to his wife "through an honest mistake, and in the belief that he had a right to pay and apply the same in discharge of his indebtedness, which was justly due and owing to his said wife," but, in view of the above decision, this mistake and belief do not change the legal significance of his act. I do not pass upon the validity of the two confessions of judgment, and the transactions subsequent thereto and connected therewith, because I think the questions of fact arising therefrom can better be determined by a jury in an action to which the judgment creditors are parties. But before plaintiffs can have such determination it is necessary that the assignment should be set aside. *Smith* v. *Payne*, (Super. N. Y.) 3 N. Y. Supp. 826. Judgment is ordered for plaintiffs, setting aside the assignment as far as it relates to the individual property of the defendant Kaughran and the property of the firm of Kaughran & Co., with costs. Let a copy of the findings be prepared for signature.