WILLIAMSON & CO. v. E. NEALY.

*Attachment—Property in Hands of Sheriff Under Other Process.*

The law will not allow its precepts and process to be interfered with until their execution has been completed; hence, property in the hands of a sheriff, under a mandate in claim and delivery proceedings ordering him to deliver it to the plaintiff, is not subject to attachment, notwithstanding the fact that a mortgage under which the claim and delivery plaintiff proceeds is unregistered.

CIVIL ACTION, heard before *Starbuck, J.,* at Fall Term, 1896, of COLUMBUS Superior Court.

A jury trial was waived, and the court found the facts, which were agreed to by the parties:

That on April 28, 1896, the plaintiffs sold the defendant E. Nealy a buggy, and said defendant executed to plaintiffs the following paper-writing:

" $20.

" Sixty days after date I promise to pay Williamson & Co. twenty dollars for value received in one open Wren buggy. It is to stand good for the above amount if not paid when due.

" Given under my hand and seal, this April 28, 1896.

                    " [Signed.]        E. NEALY.    [Seal.]

" M. Q. Coleman."

That the buggy therein described was the one sold by plaintiffs, and is the buggy in controversy in this action.

That on July 11, 1896, the plaintiff, after default in the payment of the debt described in the paper-writing, began this action before a justice of the peace for the recovery of said buggy, and sued the writ of claim

and delivery, and that the sheriff seized the buggy and took the same into his possession under said writ of claim and delivery.

That on the same day, and after the seizure of the buggy under said writ, the defendants, Hall & Pearsall and Worth & Worth, who have valid debts against defendant Nealy, having been contracted prior to April 28, sued writs of attachment, having proper grounds therefor.

That the sheriff, then already in possession of said buggy under the claim and delivery process, levied on the buggy under the said writs of attachment.

That the said paper-writing was not recorded till after the levying of said attachments.

The defendants, other than Nealy, were allowed to implead in this action before the justice on July 13, 1896.

Upon the foregoing facts it was adjudged by the court that the plaintiffs are entitled to the possession of the buggy in controversy in this action, described as an open Wren buggy, and in the hands of the sheriff of Columbus county.

It was further adjudged that the plaintiffs recover their costs of the defendants, to be taxed by the clerk, provided that the defendants B. G. Worth, D. G. Worth, B. F. Hall and Oscar Pearsall shall not be taxed with any cost that accrued prior to July 13, 1896.

The defendants B. G. Worth, D. G. Worth, B. F. Hall and Oscar Pearsall excepted to the foregoing judgment, and appealed.

*Mr. John D. Bellamy, Jr.,* for plaintiffs.
*Mr. J. B. Schulken,* for appellants.

FURCHES, J.: The plaintiffs claim title to the buggy under an unregistered mortgage from the defendant Nealy, and the interpleaders, Worth and others, claim title under

attachments against the defendant Nealy. The plaintiffs, under claim and delivery proceedings, had caused the buggy to be taken by the sheriff, and while the sheriff had the property in his possession under these proceedings, the defendant interpleaders placed in his hands the attachment papers on their claim, and the sheriff levied the same (if he had the right to do so) on the buggy, while it was still in his possession under the claim and delivery proceedings. That after this levy, and while the property was still so in the hands of the sheriff, the mortgage under which the plaintiffs claim was registered.

It is admitted that an unregistered mortgage is good against the mortgagor, and it is also admitted that it is not good as against creditors.

It was contended by the defendant interpleaders that their attachments were executed by the sheriff before the mortgage was registered, and this entitles them to the buggy, while the plaintiffs contend that the buggy was *in custodia legis* at the time the attachments were put in the hands of the sheriff, and remained so until after the mortgage was registered. That for this reason the sheriff could not execute the attachments, while the buggy was so in his custody, and the levy after the registration of the mortgage did not or would not affect their title. The plaintiffs' counsel cited in support of their position (that the buggy, being *in custodia legis*, could not be levied on) *Alston* v. *Clay*, 2 Haywood, 171 ; *Overton* v. *Hill*, 1 Murphy, 47, and *Hunt* v. *Stevens*, 3 Ired., 365. But this doctrine of *custodia legis* preventing a levy is overruled in *State* v. *Lea*, 8 Ired., 94, and *Gaither* v. *Ballew*, 4 Jones, 488. And it is a little singular that the Court, (PEARSON, J., delivering the opinion,) in the case of *Gaither* v. *Ballew*, cites and comments on *Alston* v. *Clay* and *Overton* v. *Hill*, without making any mention of *Hunt·*v.

*Stevens,* or *Jeffreys* v. *Lea, supra,* when *Jeffreys* v. *Lea* enunciated the same doctrine as is enunciated in *Gaither* v. *Ballew.*

The doctrine enunciated in *Jeffreys* v. *Lea* and *Gaither* v. *Ballew* is not put upon the ground of being *in custodia legis,* but upon the ground that the service of the attachment would interfere with the execution of the process of the court in the hands of the sheriff, under which he seized the property. But that for money in the hands of a clerk, where no further order of the court is necessary to be made, and the party to whom it belongs has a right to demand it, an attachment will lie. And the same with a sheriff; where he has money in his hands, collected under process, but which the owner may demand, and the sheriff would have a right to pay over to him, it is the subject of an attachment against the owner.

And it is only where the service of such attachment would conflict with the discharge of his duties as sheriff in obeying the order or mandate of a court under which he took possession of the property or effects in his hands that an attachment cannot be served.

In claim and delivery the mandate is to take the property and deliver it to the plaintiff. *Code,* Section 323. So it would seem that while the buggy was in the possession of the sheriff, under this mandate of the court, the law will not allow him to serve any other process that would conflict with his duty in delivering the property he had taken, under the claim and delivery proceeding, to the plaintiff, or that would injuriously affect the plaintiffs' right to the property while it was in his possession under said process.

It seems that the law will not allow the execution of

its precepts and process to be interfered with until their execution has been completed.

Under the facts found by the court, we find no error of law, and the judgment is affirmed.

Affirmed.