WILLIAM H. BEAGLE, SHERIFF, V. LAURA A. SMITH.

FILED JANUARY 19, 1897.   No. 6986.

1. **Execution: LEVY: REPLEVIN: PROPERTY IN CUSTODIA LEGIS.** When property has been levied upon on writ of execution and has been delivered to a third person, plaintiff in a replevin suit against the officer making the levy, such property cannot be again seized by the officer under another writ against the same person while the replevin suit is pending.

2. **Pleading: EXECUTION: REPLEVIN: TROVER.** An action in the nature of trover was brought against a sheriff, who answered justifying his acts under a levy of a writ of execution directed against a third person, by whom it was alleged the property had been fraudulently conveyed to the plaintiff. The plaintiff replied that prior to the levy the same officer had levied upon the same property by virtue of another writ against the same grantor; that plaintiff had replevied from the officer, and that the replevin suit was still pending. *Held,* That such matter was properly pleaded in the reply.

ERROR from the district court of Valley county. Tried below before HARRISON, J.   *Affirmed.*

*A. M. Robbins* and *E. J. Babcock,* for plaintiff in error.

References: *Hastings School District v. Caldwell,* 16 Neb., 68; *Holmes v. Bailey,* 16 Neb., 300; *Zunkle v. Cunningham,* 10 Neb., 162; *Davidson v. Waldron,* 31 Ill., 120; *Mulligan v. Bailey,* 28 Ga., 507; *Bernheimer v. Marshall,* 2 Minn., 61; *Webb v. Bidwell,* 15 Minn., 394; *Hatch v. Coddington,* 32 Minn., 92; *Gregory v. Karr,* 36 Neb., 533; *First Nat. Bank v. Gerson,* 32 Pac. Rep. [Kan.], 907; *Bruner v. Dyball,* 42 Ill., 34; *Lovett v. Burkhardt,* 44 Pa., 174; *Moore v. Herron,* 17 Neb., 701; *Hunt v. Robinson,* 11 Cal., 262.

*Coffin & Stone* and *C. A. Munn, contra.*

IRVINE, C.

This was an action by Laura A. Smith against Beagle, the sheriff of Valley county, for the conversion of certain

horses.   The sheriff justified by alleging that the property had been fraudulently conveyed by Shelby L. Smith to the plaintiff, and that he had seized it under certain writs of attachment and execution against Shelby L. Smith.   The plaintiff in reply, among other things, pleaded that prior to the levy alleged in the answer the property had been seized by Beagle under another writ against Shelby L. Smith; that the plaintiff had replevied the property from him, and had given bond; and that the property had been delivered to the plaintiff under the writ of replevin.   There was a verdict and judgment for the plaintiff.   The petition in error contains fifty-seven assignments of error, but all of those discussed in the brief relate to the matter pleaded in reply.   The defendant raised the question in the first place by moving to strike from the reply the allegations referred to; in the second place, by objecting to the admission of the evidence in support of those allegations; and in the third place, by excepting to a peremptory instruction to find for the plaintiff as to such property as the evidence disclosed she held by virtue of the first writ of replevin.   It is not contended that the evidence did not warrant a peremptory instruction provided the facts pleaded required, as a matter of law, a verdict for the plaintiff.   Two questions are thus presented: First, when property has been levied upon on a writ of execution and has been delivered to a third person, the plaintiff in a replevin suit against the officer making the levy, can such property be again seized by the officer under another writ against the same defendant while the replevin suit is pending; and second, was such matter properly pleaded in reply?

The first question must be answered in the negative. (*Acker v. White*, 25 Wend. [N. Y.], 614; *Selleck v. Phelps*, 11 Wis., 380; *Bates County Nat. Bank v. Owen*, 79 Mo., 429; *Rhines v. Phelps*, 3 Gilm. [Ill.], 455; *Pipher v. Fordyce*, 88 Ind., 436.)   The case of *Hagan v. Lucas*, 10 Pet. [U. S.], 400, supports the doctrine of the other cases cited in its reasoning, although the question there was upon levies

made in one case by a sheriff and in the other by a United States marshal. Property taken under a writ of replevin from an officer who has seized it on execution remains *in custodia legis*, although it has been delivered to the plaintiff. The lien acquired by the levy while suspended is not destroyed, and should judgment be rendered for the defendant in the replevin case it would be for a return of the property or for its value, or at least for the value of the officer's interest therein. The bond binds the plaintiff to that effect. To hold that while a plaintiff so holds property it may be again seized under other writs against the same person, would, as pointed out in the cases cited, work manifest injustice. It would follow either that the replevin bond would be discharged, in which event the defendant in the replevin case would unjustly suffer, or else the property would be liable to be subjected not only once, but as frequently as the writs might be issued, to the satisfaction of the debts of the same person; but either result would be intolerable. The plaintiff in error seeks to avoid the operation of the rule on the ground that the first replevin action was fraudulent, and in support of his argument cites *First Nat. Bank v. Gerson*, 32 Pac. Rep. [Kan.], 905. But the rule there laid down related to a case where both the first levy and the replevin suit were collusive for the purpose of placing the property *in custodia legis*, and thereby defeating creditors. It is not contended here that the first levy was collusive or fraudulent, nor that the replevin suit was the result of collusion between the plaintiff therein and the sheriff, or the plaintiff to the first writ. The contention merely is that the claim of this plaintiff and the plaintiff in replevin was fraudulent as against the creditors of Shelby L. Smith. That would be a matter of defense in the replevin suit, but it did not avoid jurisdiction in that or in the action wherein the first levy was made. We think this matter was properly pleaded in the reply. The plaintiff claimed a general ownership both in the replevin suit and in this. Therefore there is no inconsistency in claiming in this

the right of possession also by virtue of the writ of re-
plevin. The defendant specially pleaded justification
under the later writs, and it was perfectly proper in re-
ply to plead facts showing that aside from the main mat-
ters in issue the later levies were illegal. The plaintiff
pleaded and proved good title, unless it might be against
creditors of Shelby L. Smith enforcing their demands by
valid legal process, and such process being first alleged
in the answer, matter in avoidance of its legality might
properly be pleaded in the reply.

AFFIRMED.

HARRISON, J., not sitting.