(28 Civ. Proc. R. 206.)

### SEMEL v. DUNN.  ROTTENBERG v. SAME.  SAMUELS v. SAME.

### SIMON v. SAME.  JAFFE v. SAME.

(City Court of New York, Special Term. . November, 1898.)

REPLEVIN—PROPERTY IN CUSTODIA LEGIS.

Since a defendant in replevin who rebonds is required to hold the property subject to the final judgment, property so redelivered to defendant on a forthcoming bond is in custodia legis, and not subject to replevin at the suit of third persons.

Five actions by Jacob Semel, Samuel Rottenberg, Isaac A. Samuels, Jacob C. Simon, and Barnet Jaffe, respectively, against Thomas J. Dunn, as sheriff, to recover personal property. Heard on motion to vacate the writs of replevin. Granted.

H. Joseph, for plaintiffs and creditors.
Myers, Goldsmith & Bonner, for Claflin Co.
Philip J. Britt, for defendant.

OLCOTT, J.    This is a motion to vacate the several requisitions in replevin issued in the above-entitled actions.    The undisputed facts are as follows:    On July 8, 1898, the H. B. Claflin Company recovered a judgment against Louis Borgenicht and Daniel Wallach for the sum of $1,153.77, and issued execution upon said judgment to the sheriff of the county of New York.    Under the execution, the sheriff levied on certain goods and chattels which the H. B. Claflin Company asserted to be the property of the defendants.    One Annie Wallach (the wife of the defendant Daniel Wallach) claimed to be the owner of the goods and chattels so levied upon, and thereupon the sheriff required from the H. B. Claflin Company, the plaintiff in the execution, indemnity in the form required by the statute, which was given, and upon which the sheriff held the chattels levied upon as the property of the defendants.    Not content with her remedy on the bond, Annie Wallach thereupon began an ordinary replevin action against the sheriff, and issued requisition to one of the coroners of the city of New York, requiring him to take from the sheriff the goods and chattels in question.    The coroner having taken the property from the possession of the sheriff, within three days the defendant gave an undertaking in the usual form, which was duly approved, and thereupon the coroner redelivered and returned the chattels to the sheriff.    The plaintiffs in the several suits now at bar waited for the said redelivery of the goods and chattels by the coroner to the sheriff in the Annie Wallach suit, and thereupon began the replevin suits now before us, and issued the several requisitions to the coroner to take the goods as mentioned. Their claims were in existence at the time the coroner and the sheriff, severally, had taken possession of the goods in the Annie Wallach suit, and, if they had been presented while the coroner was in possession, these plaintiffs would have been remitted to their action under section 1710 of the Code of Civil Procedure.    Instead of that, however, the

several plaintiffs waited for the said redelivery to the sheriff by the coroner, and then began the several replevin actions in question to recover possession of the goods, thus putting themselves beyond the provisions of sections 1709 and 1710 of the Code.

The question now at issue is whether, as contended by the defendant in these five replevin suits, the property was so in custodia legis that the writs of replevin herein will not stand and must be vacated, or whether, as contended by the plaintiffs herein, successive writs of replevin may be issued against the same property by strangers to the former replevin suits who claim superior title to that of either party thereto, provided the property has been bounded by and returned to the defendant in the prior suit. Strangely, this point has never been decided by the courts of this state, and I shall therefore give the grounds of my decision somewhat at length, pausing to express my obligations to counsel on both sides for the elaborate and helpful briefs submitted. It is conceded that property in the hands of an officer under a writ of replevin is in custodia legis, and cannot be taken from him by another writ of replevin while in his hands, but the plaintiffs claim that the situation is entirely changed where, as here (in the Wallach v. Dunn replevin suit), the property was bonded by the defendant Dunn, and thus taken from the hands of the coroner, who executed the writ of replevin. By giving the rebond, plaintiffs' counsel argues, the defendant Dunn put himself in the same position as if no replevin had been brought. I cannot agree with this proposition. Replevin is a purely possessory action for the recovery of specific chattels, and the judgment in such an action is for the delivery of the property mentioned in the writ, and therefore the law stamps upon the property the lien of the suit. The plaintiff, upon issuance of the writ, has the power to require the officer (the sheriff or coroner, as the case may be) to seize the property, and to deliver it to him, the plaintiff, upon default of the defendant to rebond; or the defendant, upon performing the required acts, is entitled to retain the possession of the property pendente lite until the final judgment commands him to deliver it, or confirms his possession, and it is not within the power of the court in the first instance to direct a compensatory or money judgment before awarding the return of the property. Hence the terms and conditions of the undertaking under the Code follow precisely the old form of the forthcoming bond, which, within its very terms, provided that when the judgment was rendered the party in possession would have the chattel in controversy "forthcoming," and deliver and surrender it to the prevailing party. Further illustrating the lien of the proceedings, or the fastening of the suit upon the chattel, and the requiring of its response to the judgment, is the denial of the courts to permit either party to transfer the title of the property to a bona fide purchaser. Union Nat. Bank of Oshkosh v. Milburn & Stoddard Co., 73 N. W. 527, at page 534, and cases there cited. These and other principles and rulings are illustrative of the doctrine that the chattel is held subject to the final determination of the court, and must respond to its judgment, and therefore is in custodia legis, whether in the hands of the officer executing the writ or in possession of the

defendant under his rebond.    Bank v. Dunn, 97 N. Y. 156; Bank v.
Blye, 123 N. Y. 132, 25 N. E. 208.    The return of the property to the
plaintiff or the defendant by the officer who is intrusted with the
execution of the writ does not change the character of the holding, but
the chattels still remain in custodia legis, during the pendency of the
suit, the possessor holding it, as Mr. Justice Finch strikingly says in
the case last cited, "as a stakeholder for the purpose of the litigation."
See, also, Lockwood v. Perry, 9 Metc. (Mass.) 440; Milliken v. Selye, 6
Hill, 623; Morris v. De Witt, 5 Wend. 71; Sanborn v. Leavitt, 43 N. H.
473; Lowry v. Hall, 2 Watts & S. 131; Maloney v. Griffen, 15 Ind. 213;
Willard v. Kimball, 10 Allen, 211; Wells, Repl. §§ 472–480; Hagan
v. Lucas, 10 Pet. 400; Manning v. Keenan, 73 N. Y. 45.    It was con-
ceded by counsel for plaintiffs that, if the provisions of law required
the sheriff or the coroner to hold the property until final judgment, the
chattels would continue in the custody of the law, but it was claimed
by him that the passing of the possession to the individual upon the
approval of the bond took the chattels out of the custody of the law,
and subjected them to a scramble, and successive recaptions without
end, and the very anomaly which is suggested and repudiated by the
court of appeals in the Bank v. Dunn and Bank v. Blye cases, supra.
The claimant, who is not a party to the replevin suit, is not without an
immediate remedy, for he may proceed in equity upon a proper com-
plaint, or seek to intervene by proceedings at law, whereby he may be
made a party defendant to the replevin action, and have his title or
right of possession therein adjudicated.    This consideration con-
firms my opinion that the reasoning of the court of appeals in the Bank
v. Dunn and Bank v. Blye cases, supra, although upon a different situa-
tion of fact, applies to the question at issue, and that the defendant's
motion to vacate the several requisitions issued in these five actions
must be granted.    Beagle v. Smith (Neb.) 69 N. W. 956; Pipher v.
Fordyce, 88 Ind. 436; Rhines v. Phelps, 3 Gilman, 455; Goodhart v.
Bowen, 2 Ill. App. 578; Watkins v. Page, 2 Wis. 69; Hagan v.
Lucas, 10 Pet. 400.